UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DERRICK L. HUGHES,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN JOHANNA SMITH,<br><br>    Respondent. | Case No. 1:10-CV-00109-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court in this habeas corpus action is Respondent Johanna Smith's Motion for Summary Dismissal. (Dkt. 13.) Petitioner has filed a Response (Dkt. 14), and the Motion is ripe for consideration. Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

  Having reviewed the briefing of the parties, the record, and the state court record, the Court finds that disposition of the Motion would not be aided by oral argument. Accordingly, the Court enters the following Memorandum Decision and Order.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner pled guilty to and was convicted of five counts of rape, two counts of sexual battery of a minor, one count of disseminating material harmful to minors, and two counts of possession of sexually exploitive materials in the Fifth Judicial District Court, in Twin Falls, Idaho. The plea agreement provided for dismissal of a large number of other counts. Petitioner received a sentence of twenty-five years to life. The judgment of conviction was entered on March 26, 2004.

Petitioner filed a direct appeal, which was decided by the Idaho Court of Appeals. After that Court affirmed the conviction and sentences, Petitioner did not file a petition for review with the Idaho Supreme Court. As a result, the Court of Appeals issued its remittitur on November 17, 2005. (State's Lodging B-4.)

Nearly one year later, on November 14, 2006, Petitioner filed an application for post-conviction review in the state district court. (State's Lodging, C-1, pp. 7-12.) The application was dismissed after a motion to dismiss was filed by the State. Petitioner filed an appeal, which was heard by the Idaho Court of Appeals. After dismissal of the post-conviction application was affirmed, Petitioner filed a petition for review in the Idaho Supreme Court. (State's Lodging D-5.) The Idaho Supreme Court denied review, and its remittitur was issued on January 28, 2010. (State's Lodging D-8.)

Petitioner filed his federal Habeas Corpus Petition ("Petition") on February 25, 2010.

**MEMORANDUM DECISION AND ORDER - 2**

## STANDARD OF LAW

The current Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event occurs on the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

For statute of limitations purposes, a judgment becomes final when the Idaho Court of Appeals issued its remittitur, marking the expiration of the time for filing a petition for review with the Idaho Supreme Court. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

**MEMORANDUM DECISION AND ORDER - 3**

some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999).

## DISCUSSION

Petitioner's judgment became final on November 17, 2005, when the Idaho Court of Appeals issued its remittitur. Because Petitioner did not present his claims to the Idaho Supreme Court, he does not qualify for the additional 90 days that is added for the filing of a petition for writ of certiorari with the United States Supreme Court when one exhausts his claim through the highest state court. *See Hammerle v. Schiro*, 495 F.2d at 1073-74. Thus, Petitioner's federal habeas corpus statute of limitations began running on November 17, 2005.

Petitioner's federal statute of limitations was tolled (or stopped) when he filed his state application for post-conviction relief on November 14, 2006; at the time of that filing, 362 days of the federal limitations period had passed. The federal statute began running again on January 29, 2010, which is the day after the dismissal of Petitioner's post-conviction relief application became final on January 28, 2010 (a Thursday). Petitioner should have filed his federal Petition no later than February 1, 2010 (a Monday). However, his federal Petition was not filed under February 23, 2010, under the mailbox rule, which, unfortunately, was 22 days too late.

**MEMORANDUM DECISION AND ORDER - 4**

Petitioner argues that his timeliness should be excused because he brings a claim based upon a new rule of law, *Estrada v. State*, 149 P.3d 833 (Idaho 2006). In *Estrada*, the Idaho Supreme Court case holding that a criminal defendant has a Sixth Amendment right to assistance of counsel during a court-ordered psychosexual evaluation to be used for sentencing. *Id.* at 838.

Title 28 U.S.C. § 2244(d)(1) provides that the statute of limitations runs from the latest of any of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's argument most closely resembles Subsection (C); however, it is an imperfect match because he is relying on an Idaho Supreme Court case, not a United States Supreme Court case newly recognizing a constitutional right. Petitioner's *Estrada* argument really has nothing to do with the statute of limitations issue. In fact, Petitioner raised his *Estrada* issue in his post-conviction relief petition, and that claim was fully adjudicated by the state courts. *See Hughes v. State*, 224 P.3d 515 (Idaho Ct. App. 2009),

**MEMORANDUM DECISION AND ORDER - 5**

*review denied* (Jan. 25, 2010). The "newness" of *Estrada* does not bear on the time period for filing the federal Petition. Neither does the Idaho rule for application of "new rules" apply in a federal statute of limitations analysis.

After Petitioner finished asserting his *Estrada* claim in state court, he simply waited a few weeks too long to bring it in federal court. He cannot assert that he did not know of the *Estrada* claim because of its newness, nor can he make any other argument that would turn the *Estrada* case into a basis for finding that the Petition was timely filed or that its lateness should be excused.

Petitioner does not make an argument for equitable tolling, and the Court finds no factual basis that would support such an argument in the record before it. Accordingly, Petitioner's Petition is subject to dismissal with prejudice, and the Court finds Respondent's procedural default argument as to Claim 4 moot.

### REVIEW OF THE CLAIMS AND THE COURT'S DECISION FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record thoroughly, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. The relevant time periods used in the statute of limitations time period are not in dispute; Petitioner's legal disagreements

with the application of the statute of limitations in his case are simply not supported by the law. The Court has carefully searched the record and reviewed the law independently of what Respondent has provided to satisfy itself that justice has been done in this matter where Petitioner is representing himself pro se and has limited access to legal resources. As a result of all of the foregoing, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED. Petitioner's Petition is DISMISSED with prejudice.

2. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.



DATED: February 9, 2011

_____
Honorable Mikel H. Williams
United States Magistrate Judge